UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAIGTH A. OLLMAN,

                Petitioner,

            -v-                          04-CV-6584(MAT)
                                         **ORDER**
PEOPLE OF THE STATE OF NEW YORK,

                Respondent.
_____



I.    **Introduction**

        Petitioner Laigth A. Ollman ("petitioner"), who is represented
by counsel, has filed an amended petition for writ of habeas corpus
pursuant to 28 U.S.C. § 2254 challenging his convictions in Steuben
County Court. On May 11, 2000, following a jury trial before
Judge Peter C. Bradstreet, petitioner was convicted of Reckless
Endangerment in the Second Degree (N.Y. Penal L. § 120.20),
Criminal Possession of a Weapon in the Third Degree (N.Y. Penal L.
§ 265.02(1)), and various infractions under the New York Vehicle
and Traffic Law.[1] On May 22, 2000, petitioner pleaded guilty in
Steuben County Court to perjury in the First Degree (N.Y. Penal L.
§ 210.15), also before Judge Bradstreet. Petitioner was adjudicated
a second felony offender and was jointly sentenced to an aggregate
term of imprisonment of 2 and ½ to 5 years.

_____

        [1] These charges include Driving While Intoxicated (N.Y. Veh. & Traf. §§
1192(3), 1193(1)(c)(I)), Leaving the Scene of a Personal Injury Accident (N.Y.
Veh. & Traf. § 600(2)(a)), and Reckless Driving (N.Y. Veh. & Traf. § 1212).

## II.  Factual Background and Procedural History

### A.    State Court Proceedings

Petitioner's reckless endangerment conviction (entered May 11, 2000) arose out of a drunk-driving accident wherein petitioner hit two people with his car while leaving a bar parking lot in the village of Bath, New York. At the time of the indictment for that conviction, petitioner was on probation pursuant to an earlier conviction for second-degree vehicular assault, also entered in Steuben County Court. The prosecution alleged that, due to petitioner's actions the night of the accident, which included alcohol consumption, petitioner had violated the conditions of his probation. The district attorney requested the county court to conduct a violation of probation hearing ("probation hearing"). See Tr. dated 9/13/1999.

Following multiple adjournments so that petitioner could obtain counsel, the probation hearing proceeded at petitioner's request. At that hearing, the prosecution elicited testimony from several witnesses that petitioner had violated the terms of his probation by consuming alcohol. See Probation H'rg Mins. dated 12/6/1999 at 8-45. Petitioner, who represented himself, testified on his own behalf, denying that he drank alcohol on the night of the incident. Id. at 45-52. The court found that petitioner had violated his probation by drinking alcohol. Id. at 61-64. Based on petitioner's testimony at the December 6, 1999 probation hearing, petitioner was charged with first-degree perjury. See Respondent's Exhibits ("Ex.") A. at 139-140.

Five months later, petitioner proceeded to trial on the charges arising out of the automobile accident. The jury returned a guilty verdict on the reckless endangerment and weapon possession charges. He was also found guilty of driving while intoxicated, reckless driving, and leaving the scene of a personal injury accident. Trial Tr. 401-402. Following that conviction, petitioner appeared with counsel on May 22, 2000, and pleaded guilty to the single perjury charge. Plea Mins. dated 5/22/2000 at 2-3, 7.

On June 5, 2000, petitioner appeared with counsel at a consolidated sentencing hearing with respect to both convictions. The court sentenced petitioner as a second felony offender to 2 to 4 years on the perjury charge and a concurrent, aggregate sentence of 2 ½ to 5 years on the remaining charges. Sentencing Mins. dated 6/5/2000 at 10-11.

### B.   Direct Appeal

Through counsel, petitioner appealed both convictions to the Appellate Division, Fourth Department, which consolidated the appeals and unanimously affirmed both convictions. People v. Ollman, 309 A.D.2d 1241 (4th Dept. 2003). Leave to appeal to the New York Court of Appeals was denied on November 25, 2003. People v. Ollman, 1 N.Y.3d 541 (2003).

### C.   Petition for Habeas Corpus

On November 26, 2004, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #2), containing over 100, largely undefined claims for habeas relief. The Court then directed petitioner to submit an amended petition

containing a more definite statement and appointed counsel to represent and assist petitioner in preparing the amended petition (Dkt ## 21, 23).[2] The amended petition (Dkt. #27), filed by counsel on March 11, 2010, alleges that he was deprived of his constitutional right to counsel when he proceeded *pro se* at his arraignment and the probation hearing. The statements he made during that hearing were made without the advice of counsel, and those statements formed the basis for the perjury charges subsequently filed against petitioner. Amended Petition ("Pet.") ¶ 22(A). For the reasons that follow, I find that petitioner is not entitled to the writ, and the petition is dismissed.

## III. Discussion

### A. General Principles Applicable to Federal Habeas Review

#### 1. Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence

---

[2] On October 1, 2009, petitioner filed a *pro se* motion with the Court entitled "Motion for Extension of Time to File Response Affirmation" (Dkt. #24). It appears petitioner was requesting additional time to prepare and submit the amended petition. Petitioner was subsequently appointed counsel, and submitted the amended petition on March 11, 2010, rendering petitioner's *pro se* motion dated October 1, 2009 (Dkt. #24) moot. That motion is hereby denied.

presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197(2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial

incompetence." <u>Francis S. v. Stone</u>, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); <u>see also</u> <u>Parsad v. Greiner</u>, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), <u>cert. denied sub nom.</u> <u>Parsad v. Fischer</u>, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340 (2003).

**B.    Merits of the Petition—Right to Counsel**

**1.    Petitioner's Arraignment Without Counsel**

Petitioner first contends that his Sixth Amendment right to counsel was violated when he was "forced" to proceed *pro se* at his arraignment for the reckless endangerment and weapon possession charges. Pet. ¶ 22(A). The Appellate Division rejected petitioner's argument without opinion. <u>People v. Ollman</u>, 309 A.D.2d at 1242.

The Sixth Amendment guarantees a criminal defendant the right to the assistance of counsel for his defense at all critical stages of the criminal process.  <u>Maine v. Moulton</u>, 474 U.S. 159, 170 (1985); <u>United States v. Wade</u>, 388 U.S. 218, 224 (1967).  "[W]hat makes a stage critical is what shows the need for counsel's

presence." <u>Rothgery v. Gillespie County, Tex.</u>, 128 S. Ct. 2578, 2591 (2008). The Second Circuit has rejected the argument that "the absence of counsel upon arraignment is an inflexible, per se violation of the Sixth Amendment." <u>United States ex rel. Caccio v. Fay</u>, 350 F.2d 214, 215 (2d Cir. 1965). Thus, where the arraignment procedure "does not affect a defendant's ultimate adjudication, a defendant is not on the ground of non-representation entitled to a reversal of his or her conviction." <u>Hurrell-Harring v. State</u>, 15 N.Y.3d 8 (2010) (citing <u>Caccio</u>, 350 F.2d at 215, <u>United States ex rel. Combs v. Denno</u>, 357 F.2d 809, 812 (2d Cir. 1966); <u>United States ex rel. Hussey v. Fay</u>, 220 F.Supp. 562 (S.D.N.Y. 1963); <u>Holland v. Allard</u>, No. 04-CV-3521(DRH)(MLO), 2005 WL 2786909, at *7 (E.D.N.Y. Oct. 26, 2005)).

In the instant case, the trial court repeatedly adjourned petitioner's arraignment so that petitioner could retain counsel. <u>See</u> Tr. 9/13/1999; Tr. 10/25/1999. On October 25, 1999, petitioner again appeared without an attorney, but stated that he "had been talking with counsel," and that counsel had apparently told petitioner "to get arraigned without counsel today and he would take it from there" following petitioner's retainer.[3] Tr. 10/25/1999 at 2. The court advised petitioner of his right to counsel, and subsequently accepted petitioner's plea of not guilty. <u>Id.</u> at 3.

---

[3] Petitioner, a 30 year-old railroad engineer, had applied for an appointed attorney but was found not eligible.

In light of these circumstances, it is clear that petitioner elected to plead not guilty without counsel present. Id. at 2-3. Furthermore, the consequence of petitioner's not guilty plea was that to move Petitioner case to the court's motion calendar, and thus did not adversely effect the remainder of petitioner's criminal proceedings. See Hussey, 220 F.Supp. at 562 (petitioner suffered no prejudice from appearing at arraignment without counsel because "whatever counsel could have done upon arraignment on defendant's behalf, counsel [was] free to do thereafter"); compare Hamilton v. Alabama, 68 U.S. 52 (1961) (denial of counsel at arraignment was reversible error where, under Alabama law, certain defenses had to be asserted at arraignment or could have been "irretrievably lost"). Accordingly, petitioner's claim is dismissed because he has not stated a ground for habeas relief. See, e.g., Bradley v. LaClair, 599 F.Supp.2d 395, 408 (W.D.N.Y. 2009).

## 2. *Pro se* Appearance at Probation Hearing

Petitioner next claims that his Sixth Amendment rights were violated when the county court allowed him to proceed *pro se* at his December 6, 1999 violation of probation hearing. As a result, "petitioner made a statement during the hearing without counsel's advice as to the dangers of doing so," which resulted in the subsequent perjury charges on which he was ultimately convicted. Pet. ¶ 22(A). The Appellate Division rejected this contention on the merits: "With respect to appeal No. 2, defendant contends that he would not have committed perjury if he had been provided with counsel at the violation of probation hearing. By his plea of

guilty, however, defendant has waived all factual defenses to that charge." <u>Ollman</u>, 309 A.D.2d at 1242 (citations omitted).

Assuming, *arguendo*, petitioner had the right to counsel at his probation hearing and did not waive such a right[4], petitioner's guilty plea to the perjury charge waives his claim that his lack of counsel resulted in the conviction for perjury. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." <u>See</u> <u>Tollett v. Henderson</u>, 411 U .S. 258, 267 (1973); <u>accord</u> <u>United States v. Coffin</u>, 76 F.3d 494, 497 (2d Cir. 1996) ("A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea."); <u>see also</u> <u>United States v. Garcia</u>, 339 F.3d 116, 117 (2d Cir. 2003) (*per curiam*) ("It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings."); <u>Whitehead v. Senkowski</u>, 943 F.2d 230, 233 (2d Cir. 1991) ("Generally a knowing and voluntary guilty plea

---

[4] The county court repeatedly adjourned petitioner's probation hearing so that petitioner could retain counsel. <u>See</u> Tr. 9/13/1999; Tr. 10/25/1999. At the commencement of the probation hearing on December 6, 1999, the court addressed petitioner, acknowledging that "there have been numerous appearances before the Court and there have been a number of attempts by you . . . to obtain counsel and you have been unable to do so and the Court has given you the opportunity to apply for assigned counsel and you were found to be not eligible . . . . Mr. Ollman, do you want some time to consider this or to discuss it with anyone or are you ready to proceed?" Probation Hr'g Mins. at 6-7. Petitioner responded, "I'm ready to proceed, Your Honor." <u>Id.</u> at 7.

precludes federal habeas corpus review of claims relating to constitutional rights at issue prior to the entry of the plea.").

Here, petitioner's allegation of a prior deprivation of counsel at his violation of probation hearing was waived because he entered a plea of guilty, while represented by counseled, to the perjury charge. See, e.g, Lugo v. Artus, 05 Civ. 1998(SAS), 2006 WL 2463547, *5 (S.D.N.Y. Aug. 23, 2006) (rejecting argument that petitioner was previously denied right to counsel on ground that the claim was waived by pleading guilty); Mayen v. Artist, 06 Civ. 14261(DC), 2008 WL 2201464, *7 (S.D.N.Y. May 23, 2008) ("[E]ven without an explicit waiver, [petitioner's] claim that he was denied his right to counsel during police questioning is meritless because this claim is based on events that occurred before his guilty plea."). Moreover, petitioner does not challenge the voluntariness of his plea. See Coffin, 76 F.3d at 497 . Accordingly, petitioner's right to counsel claim is dismissed as barred by his guilty plea.

In any event, the Court notes that there is no clearly established Supreme Court precedent providing the right to representation by retained counsel at a probation revocation hearing. See Gagnon v. Scarpelli, 411 U.S. 778 (1973) (holding that there is no inflexible constitutional right to counsel at revocation hearings, entitlement to an attorney should be determined on a case-by-case basis, and declining to address the issue as to whether a probationer has a right to be represented by retained counsel at a revocation hearing). Even if petitioner's

claim was not barred from habeas review by his guilty plea, he would not be able to demonstrate that the state court's decision was contrary to, or an unreasonable application of clearly-established Federal law.

## IV. Conclusion

For the reasons stated above, Laigth Ollman's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
                          MICHAEL A. TELESCA
                   United States District Judge

Dated:     July 19, 2010
           Rochester, New York